MEMORANDUM OPINION

No. 04-05-00908-CR

No. 04-05-00909-CR

No. 04-05-00910-CR

No. 04-05-00911-CR



Rosendo Adrian AGUILAR,

Appellant



v.



The STATE of Texas,

Appellee



From the 63rd Judicial District Court, Val Verde County , Texas

Trial Court Nos. 10176, 10292, 10443 & 10500

Honorable Thomas F. Lee, Judge Presiding





PER CURIAM

 

Sitting: Sandee Bryan Marion , Justice

 Phylis J. Speedlin, Justice

 Rebecca Simmons, Justice



Delivered and Filed: June 21, 2006



DISMISSED 

 Pursuant to a plea bargain agreement, appellant, Rosendo Adrian Aguilar, pled guilty to possession of a controlled
substance, injury to an elderly person, and aggravated assault. On September 12, 2005, the trial court imposed sentence and
signed certifications of defendant's right to appeal stating that this "the defendant has NO right of appeal". See Tex. R. App.
P. 25.2(a)(2). After appellant filed his pro se notices of appeal, the court clerk sent copies of the certifications and notices of
appeal to this court. See Tex. R. App. P. 25.2(e); see also Tex. R. App. P. 25.2(a)(2) (in a plea bargain case, a defendant
may appeal only those matters raised in a written motion ruled on before trial or after obtaining the trial court's permission
to appeal).

 The clerk's records contain written plea bargain agreements, and the punishment assessed did not exceed the punishment
recommended by the State and agreed to by the appellant; therefore, the trial court's certifications accurately reflect that
appellant's cases are plea bargain cases and he does not have a right of appeal. See Tex. R. App. P. 25.2(a)(2). Rule
25.2(d) provides, "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not
been made part of the record under these rules." Tex. R. App. P. 25.2(d). Accordingly, on May 4, 2006, this court issued
an order stating these appeals would be dismissed pursuant to Rule 25.2(d) unless amended trial court certifications that
show appellant has the right of appeal were made part of the appellate record. See Daniels v. State,110 S.W.3d 174 (Tex.
App.--San Antonio 2003, order); Tex. R. App. P. 25.2(d); 37.1. No amended trial court certifications have been filed;
therefore, these appeals are dismissed.

 PER CURIAM 

DO NOT PUBLISH